Harrington, Ch.,

delivered the opinion of the Court.
It was decided by this Court, in Newlin v. Duncan, 1 Harr. Rep. 207, in conformity with the uniform decisions and practice, that an acknowledgment of a debt as a subsisting demand will take it out of the act of limitations, without an express promise to pay it. There has been no vacillation in the courts on this principle, but some conflict in its application to the facts in each case. In Waples v. Layton & Sipple, 3 Harr. Rep. 509, where the defendant, Waples, neither denied nor admitted the debt in terms, but re *545 marked that there were other persons of his name in the county, the Court said there was nothing which they would leave to a jury. They would leave nothing to the jury, unless an acknowledgment of a subsisting debt might be fairly drawn from it. And yet, in Black's Exrs. v. Reybold, 3 Harr. Rep. 528, the jury was allowed to infer such an acknowledgment from á very equivocal letter of the defendant, speaking of the “ claim,” and expressing the hope that “ when they should talk the matters over they would be able to settle the business satisfactory to both parties.” These are extreme cases. Yet the principle seems to require that the acknowledgment should be of a subsisting or existing debt, and recognizing an obligation to pay it—a debt originally just and still due. 2 Greenl. Ev., sec. 441. And to properly value the force of such admissions, the circumstances under which they are made may be considered. The circumstances under which what is claimed to be an admission in this case was made are these: The parties were before referees in- an amicable action with reference to a claim by Woolsey Burton, in a representative character, against Thomas Robinson, and the object of the written agreement seems to have been to show that the note referred to was not in any way to he considered in this reference—a precaution which was quite unnecessary, as it would not have been considered, and was not within the submission. But with reference to its force as an admission of indebtedness, it was proper that it should have been left to the jury to say, not merely whether it referred to the note on which this action is brought, but whether it recognized that note, or any portion of it, as yet due. In that respect we think the ruling of the Court, as set out in the exceptions, was too narrow, as they only left it to the jury to determine whether the agreement had reference do the note, and not whether it amounted to a recognition of the note as a subsisting or existing debt. We think this was error, and that for this reason the judgment should be reversed, and the case remanded to the court below.
Judgment reversed.